UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**CLYDE T. RABY**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 23-86-JWD-SDJ**

**USAA GENERAL INDEMNITY COMPANY**

---

## PLAINTIFF PROPOSED STATUS REPORT

**A.      JURISDICTION:**

What is the basis for the jurisdiction of the Court?

This Honorable Court has Diversity Jurisdiction. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – (1) citizens of different states...." The instant matter was removed to the U.S.D.C. for the Middle District of Louisiana on February 9, 2023. The jurisdictional facts that support removal are judged at the time of the removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). The parties were completely diverse at the time of removal, the amount in controversy exceeds $75,000.00, and the original Petition for Damages was filed in East Baton Rouge Parish.

**B.      BRIEF EXPLANATION OF THE CASE:**

1. <u>Plaintiff claim</u>:

On or about January 5, 2021, a vehicle in which the Plaintiff, Clyde T. Raby was the driver, and a vehicle being driven by Leslie Bienemy were involved in an automobile accident on Harding Boulevard in Baton Rouge, Louisiana.

Plaintiff, Clyde T. Raby, was the driver of a vehicle proceeding northbound on Harding Boulevard. Leslie Bienemy was also proceeding northbound on Harding Boulevard, and after failing to stop, suddenly and without warning, impacted the rear of the vehicle in which Clyde T. Raby was traveling in, causing the injuries and damages complained of herein.

Based upon information and belief, there existed a policy of uninsured/underinsured motorist insurance with USAA General Indemnity Company covering Plaintiff, Clyde T. Raby, for the type of injuries and damages complained of herein.

2. <u>Defendant claims</u>:

This lawsuit involves a claim for personal injuries arising out of a January 5, 2021, motor vehicle accident between plaintiff and the alleged tortfeasor, Leslie Bienemy. Plaintiff, a Louisiana domiciliary, filed a lawsuit with the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana on January 5, 2023, seeking to recover damages for this accident and naming USAA General Indemnity Company as the defendant. USAA-GIC issued a policy of UM/UIM insurance to the plaintiff, Clyde T. Raby, that provided certain coverages to him. Said policy forms the basis of this litigation. It has been represented to defendant that Leslie Bienemy had a liability policy with GoAuto Insurance Company with limits of $15,000.00 per person/$30,000.00 per accident and Mr. Raby has recovered those limits.

C.  **PENDING MOTIONS**:

None at this time.

D.  **PRINCIPLES LEGAL ISSUES**:

The issues involved are liability, medical causation, and the nature, extent, and duration of any claimed injuries and the reasonableness of past medical treatment and necessity of any

future recommended medical treatment.

E.     DAMAGES:

Plaintiff alleges that as a result of the negligence of *Leslie Bienemy*, he has sustained injuries. Plaintiff received medical treatment for the injuries sustained and incurred numerous medical bills incidental thereto. Plaintiff contends that Defendant is indebted unto him for reasonable damages in the premises in connection with the injuries and past and future medical expenses.

As a direct and proximate result of this accident, *plaintiff, Cylde T. Raby* has suffered the following non-exclusive damages;

1) Past, present and future medical expenses;

2) Past, present and future physical pain and suffering and bodily injury;

3) Past, present and future loss of income;

4) Past, present and future loss of enjoyment of life;

5) Past, present and future permanent injuries and disability;

6) Past, present and future diminution of income earning capacity;

7) Past, present and future loss of society;

8) Past, present and future mental anguish; and

9) Any and all other damages to be set forth at the time of the trial of this matter.

2. <u>Defendant's calculation of plaintiff's damages</u>:

Plaintiff, Clyde T. Raby, has incurred medical specials totaling approximately $10,827.60 as of February 17, 2022, for treatment of injuries he allegedly sustained in the motor vehicle crash that is the subject of this litigation. As a result of his injuries, plaintiff, Clyde T. Raby,

underwent treatment with Margie Moore, FNP, of Metropolitan Health Group. He complained of back pain, neck pain, left thigh pain, and right leg pain. Mr. Raby also underwent treatment with Dr. Joseph W. Turnipseed at The Spine Diagnostic & Pain Treatment Center. Furthermore, Mr. Raby underwent cervical and lumbar MRIs at the Imaging Center of Louisiana. Mr. Raby also underwent treatment with Mirjam Maassen, PT at Dutch Physical Therapy and then he underwent physical therapy at Downtown Physical Therapy. Plaintiff has settled his claims against Leslie Bienemy and her automobile liability insurance carrier, GoAuto, for the $15,000.00 limit of Ms. Bienemy's policy. Defendant made an unconditional tender to Mr. Raby on or about March 6, 2022, in the amount of $25,000.00. Based on the information in its possession, defendant believes that plaintiff has been adequately compensated.

**F.     SERVICE:**

USAA General Indemnity Company was served on January 11, 2023, through the Louisiana Secretary of State.

**G.     DISCOVERY**

1. Initial Disclosures

    A. Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [  ] YES        [ X ] NO

    B. Do any parties object to initial disclosures?

    [  ] YES        [ **X** ] NO

2. Briefly describe any discovery that has been completed or is in the progress:

    <u>Plaintiff</u>:     Plaintiff is in processing of coordinating discovery.

    <u>Defendant(s)</u>:  Defendant provided its Rule 26 Initial Disclosures to plaintiff on May 23, 2023, but has yet to receive plaintiff's disclosures. Defendant has not yet

obtained discovery but intends to conduct formal discovery and depositions pertaining to liability, plaintiff's physical condition, and plaintiff's alleged injuries.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.

   None at this time.

4. Discovery from experts:

   Plaintiff:    Plaintiff may call any treating physician as an expert.   No expert discovery has been done.

   Defendant(s):

Defendant anticipates conducting medical depositions and possibly retaining experts in the fields in which plaintiff seeks to have medical and/or economic testimony offered as to medical causation, treatment, limitations, and/or necessity of future treatment. Defendant is likely to request Rule 35 examinations of any retained medical experts.

H. **PROPOSED SCHEDULING ORDER**

   1. **The parties propose to exchange initial disclosures:  YES**

   2. Recommended deadlines to join other parties or to amend the pleadings:

      Plaintiff:    August 4, 2023

      Defendant(s):   August 4, 2023

   3. Filing all discovery motions and completed all discovery except experts:

      Plaintiff:    February 1, 2024

      Defendant(s):   January 15, 2024

   4. Disclosure of identities and resumes of expert witnesses:

      Plaintiff:    December 31, 2023

   <u>Defendant(s):</u> January 15, 2024

5. Exchange of expert reports:

  <u>Plaintiff:</u> January 30, 2024

  <u>Defendant(s):</u> February 16, 2024

6. Completion of discovery from experts:

  <u>Plaintiff:</u> March 30, 2024

  <u>Defendant(s):</u>

7. Filing of dispositive motions and Daubert motions:

  <u>Plaintiff:</u>  April 30, 2024

  <u>Defendant(s):</u>

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters. The parties should not provide any proposed dates for these remaining deadlines.

 a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

 b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

 c. Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

 d. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

 e. Deadline to submit joint jury instructions, voir dire, verdict forms,

and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

    f.    Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

    g.    Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

Not applicable.

**I.   TRIAL**

    1. Jury:    Yes

    2. Est. days:    **3-4 Days**

**J.   OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES [ X ] NO

i.    If the answer is yes, please explain:

ii.    If the answer is no, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[ X] YES [ ] NO

K. SETTLEMENT

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

At this time, the parties have not engaged in settlement discussions as there is still a need to conduct medical discovery in the case.

L.   CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE

All parties agree to jurisdiction by a Magistrate Judge of this court:

[   ] YES             [ X ] NO

**Report dated: August 15, 2023**

**Respectfully submitted**

**LINDSEY SCOTT LAW FIRM**

By:   **/s/ Lindsey J. Scott**
    LINDSEY J. SCOTT( #25868)
    632 St. Ferdinand Street
    Baton Rouge, Louisiana  70802
    Telephone: (225) 387-2688
    Facsimile: (866) 721-4124
    Email:  info@38scott.com
    *Counsel for Plaintiff, Clyde T. Raby*